**NOT FOR PUBLICATION**

FILED
APR 19 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ISAIAS HERBERT RASCON, JR.
AND SANDY LYNNE RASCON

        Debtor.
_____/

Case No. 10-15473-A-7
DC NO. SL-2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING DEBTORS' MOTION TO AVOID LIEN
OF GRYPHON SOLUTIONS, LLC**

     A hearing was held March 2, 2011, on the motion of the debtors, Isaias Herbert Rascon, Jr. and Sandy Lynne Rascon, to avoid the judicial lien of Gryphon Solutions, LLC ("Gryphon Solutions"). Following the hearing, the parties requested post-trial briefing, and the matter was deemed submitted as of March 30, 2011. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

     The facts are not disputed. Mr. and Mrs. Rascon filed their chapter 7 case on May 18, 2010. When they filed their case, they listed on Schedule C a homestead exemption in the amount of $75,000 on their real property located at 1369 Boyer Drive, Tulare, California, and stated that the fair market value of the property as of the petition date was $130,000.

On March 1, 2011, they filed an amended Schedule C, stating that the current value of the real property was $130,000, and that the amount of their claimed exemption under California Code of Civil Procedure § 704.730 was $100,000.

Prior to the time the Rascons filed their case, Gryphon Solutions had recorded a judgment lien in Tulare County, California. The judgment lien was recorded May 14, 2003.

At the time the judgment lien was recorded, California CCP § 704.730 provided for a $75,000 homestead exemption for married couples. In 2009, the California legislature amended § 704.730 so that the amount of the homestead exemption for a married couple was changed to $100,000.

The parties agree that as of the date the bankruptcy case was filed, the amount owed on the first deed of trust to Midland Mortgage was $71,184. The debtors obtained an appraisal of the real property showing a value of $145,000 as of January 2011. Gryphon Solutions obtained an appraisal showing a value of $162,000. The effective date of Gryphon Solutions' appraisal was May 2010, the date the petition was filed. Neither party called their appraiser as a witness.

Gryphon Solutions maintains that the debtors are only entitled to claim a homestead exemption of $75,000 because this is the amount of the exemption California allowed at the time the judgment lien was recorded. The debtors argue that they are entitled to claim the amount of $100,000 as a homestead exemption because this is the amount of exemption available as of the date they filed their bankruptcy case. If the debtors are allowed to claim an exemption of $100,000, then the entire amount of the

property is fully exempt because the sum of the exemption and the amount owing on the senior deed of trust exceed the value that Gryphon Solutions asserts was the fair market value of the property as of the date the bankruptcy petition was filed. On the other hand, if the debtors are allowed to claim a $75,000 exemption, then the total of the senior lien and the $75,000 exemption is $146,184. This is more than the debtors now believe to be the value of the property on the petition date, but less than the amount the creditor asserts is the value of the property. Under this scenario, if the court accepted Gryphon's argument that the homestead exemption is limited to $75,000 and also accepted Gryphon Solutions' appraisal, then the judgment lien would still, in part, attach to the debtors' property.

Are the debtors entitled to claim a homestead exemption in the amount of $100,000, the amount allowed by California law when they filed their bankruptcy case?

This is an interesting question. Older case law would seem to indicate that they are not allowed to claim the larger exemption. In re Bassin, 637 F.2d 668 (9th Cir. 1980). In that case, the debtor filed bankruptcy in April 1977. Prior to January 1, 1977, the allowed homestead exemption under California law had been $20,000. The law was changed effective January 1, 1977, to allow for a homestead exemption of $30,000. Bassin had numerous creditors whose claims had arisen prior to the January 1, 1977 date for amendment of the homestead exemption. The trustee objected to the $30,000 homestead exemption. This case was decided under the Bankruptcy Act, not under the Bankruptcy Code. The court concluded that creditors were entitled to rely

on the amount of the exemption in effect at the time they extended credit and "that a retroactive application of the statutory increase would be an unconstitutional impairment of pre-existing contract obligations."

If this were still the state of the law, Gryphon Solutions would have the better argument. However, in the court's view, this is not still the state of the law. In 1996, the Ninth Circuit Court of Appeals decided <u>In re Seltzer</u>. 104 F.3d 234 (9th Cir. 1996). That case concerned an exemption for funds in an individual retirement account under Nevada law. The Seltzers filed their bankruptcy case in December 1992 and sought to exempt their Individual Retirement Account valued at $28,300. Under the Nevada statute in question, effective October 1, 1991, debtors could exempt money in an individual retirement account in an amount not to exceed $100,000. The chapter 7 trustee objected to the Seltzers' claim of exemption based on the theory that the statute enacted after the debts were incurred violated the contracts clause. The bankruptcy court agreed that the state law impaired the contract rights of creditors but held that the trustee had not shown the state law was unnecessary or unreasonable. Both the District Court and the Ninth Circuit Court of Appeals affirmed.

The Ninth Circuit decision in <u>Seltzer</u> described the correct analysis to determine whether a state law violates the contracts clause. The court determined first that the chapter 7 trustee as the party objecting to the claim of exemption had the burden of proof.

The court further determined that the decision of the United

States Supreme Court in <u>Energy Reserves Group, Inc. v. Kansas Power & Light Co.</u>, 459 U.S. 400 (1983) changed the landscape so that <u>Bassin</u> no longer was applicable. The <u>Energy Reserves</u> case mandated that courts apply a sequential analysis to determine whether a state law in question violates the contract clause. Undertaking the analysis in the case of the Nevada exemption statute, all three courts, the Bankruptcy Court, the District Court, and the Ninth Circuit Court of Appeals, concluded that "retroactive application of the Nevada statute serves a valid public purpose and is and is a reasonable exercise of the state's power." <u>Id.</u> at 237. Thus, the retroactive application of the IRA exemption statute of Nevada did not violate the contracts clause of the Constitution of the United States.

Under <u>Seltzer</u> and <u>Energy Reserves Group</u>, a three part inquiry is required. First, is there a contractual relationship; second, does a change in the law impair that contractual relationship; and third, is the impairment substantial. <u>Id.</u> at 236. In this case, there is no evidence about whether the judgment arises from a contractual relationship or for damages not based in contract. If there were a contractual relationship that gave rise to the judgment lien, the change in state law would, under the decisions described above, impair that contractual relationship. Again, following those decisions, the impairment is substantial.

The next question is whether the impairment is both reasonable and necessary to fulfill an important public purpose. The California exemption scheme found in the California Code of Civil Procedure fulfills an important public purpose. Further,

the California legislature has made the following finding codified at California Code of Civil Procedure § 703.060(a).

> "The Legislature finds and declares that generally persons who enter into contracts do not do so in reliance on an assumption that the exemptions in effect at the time of the contract will govern enforcement of any judgment based on the contract, that liens imposed on property are imposed not as a matter of right but as a matter of privilege granted by statute . . . ."

For the foregoing reasons, the applicable amount of the exemption is the amount available on the date the bankruptcy petition was filed, that is $100,000.

May the debtors amend their bankruptcy schedules to increase the amount of the homestead exemption?

Federal Rule of Bankruptcy Procedure 1009(a) provides that a bankruptcy schedule may be amended by the debtor as a matter of course at any time before the case is closed. Court approval is not required for an amendment. The right of debtors to amend their schedules is liberally allowed. See, In re Michael, 163 F.3d 526, 529 (9th Cir. 1998).

The court concludes that the debtors are entitled to the amount of homestead exemption available under California law at the time they filed their bankruptcy case. The court reaches this conclusion for the same reasons described by the Ninth Circuit Court of Appeals in In re Seltzer. Further, the debtors are allowed to amend the amount of their homestead exemption at any time. The debtors have amended the amount of their homestead exemption to claim an exemption of $100,000.

Because the debtors are entitled to a homestead exemption in the amount of $100,000, there is no equity in the property to support the judgment lien of Gryphon Solutions, LLC, even if the

property has the value which Gryphon's appraisal shows.

For the above reasons, the debtors' motion to avoid judgment lien will be granted. Debtors shall submit a form of order consistent herewith.

DATED: April 19, 2011

WHITNEY RIMEL, Judge
United States Bankruptcy Court